19-2971-cv
*Hilt Constr. & Mgmt. Corp. v. Permanent Mission of Chad*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty-one.

PRESENT:  Robert D. Sack,
Gerard E. Lynch,
Steven J. Menashi,
*Circuit Judges.*

_____

HILT CONSTRUCTION & MANAGEMENT CORPORATION,

*Plaintiff-Counter-Defendant-Appellee,*

v.                                                          No. 19-2971

THE PERMANENT MISSION OF CHAD TO THE UNITED NATIONS IN NEW YORK,

*Defendant-Counter-Claimant-Appellant.*[*]

_____

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

*For Defendant-Counter-Claimant-Appellant*:    Ryanne Konan, Ryanne Konan Law Office and Legal Services, Wappingers Falls, New York

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Counter-Claimant-Appellant The Permanent Mission of Chad to the United Nations in New York (the "Mission") appeals from the judgment entered on August 7, 2019, following a five-day bench trial, awarding Plaintiff-Counter-Defendant-Appellee Hilt Construction & Management Corporation ("Hilt") damages in the amount of $100,335.62 (including prejudgment interest) for breach of contract and denying the Mission's counterclaim against Hilt for breach of the same contract. On appeal, the Mission argues that the district court erred in concluding that Hilt was entitled to the equitable adjustment of contract time and price under the express terms of the contract between the parties and by relying on an unreliable exhibit to calculate damages. We disagree and affirm the

2

decision of the district court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I**

On August 12, 2016, Hilt, a resident of New Jersey, filed a complaint against the Mission alleging state law claims of breach of contract, quantum meruit, and account stated. Hilt alleged that it had entered into a contract with the Mission to provide construction materials and services at a property in Westchester owned by the Mission that would eventually serve as the Ambassador's residence (the "Contract"). Hilt further alleged that it provided $3,862,368 worth of services of which $1,400,460 remained due and unpaid. The Mission asserted a counterclaim for breach of contract against Hilt for failure to complete the project in the timeframe purportedly agreed upon by the parties. The Mission sought damages in the amount of $360,000 for rent that it had to pay for housing and office space due to delays in the project's completion and $1,000,000 for the new contractor that it ultimately hired to complete the project.

From June 17 to June 21, 2019, the district court conducted a bench trial. On July 22, 2019, the district court stated on the record its findings of fact and conclusions of law. First, the court held that Hilt was entitled to damages in the

3

amount of $75,000 on its breach of contract claim. Second, the court held that Hilt was entitled to judgment on the Mission's breach of contract counterclaim because § 10.3 and § 11.2 of the Contract required an equitable adjustment of the contract time and price for work done on four "concealed or unknown physical conditions" which were unknown to the parties at the time the Contract was made and which were discovered during the renovation. App'x 868. Third, the court held that the Mission was entitled to judgment on Hilt's quantum meruit and account stated claims.

Because the district court determined that Hilt was entitled to an equitable adjustment of the contract price for the four concealed or unknown physical conditions, it calculated the cost of that additional work, including overhead costs, to be $284,625. The court adjusted the award upward by an additional $2,275 for certain costs that were not precisely reflected in the evidence at trial, and it deducted $211,900 for work for which the Mission had paid but that Hilt did not complete. The court therefore determined that Hilt is entitled to $75,000 in damages. The court also awarded Hilt prejudgment interest in the amount of $25,335.62.

4

The Mission timely appealed.[1]

## II

On appeal, the Mission disputes the district court's grant of judgment against the Mission and in Hilt's favor on the parties' competing breach of contract claims. The Mission's arguments are unavailing.

"When reviewing a district court's judgment following a bench trial, we review the court's findings of fact for clear error and its conclusions of law *de novo*." *Church & Dwight Co., Inc. v. SPD Swiss Precision Diagnostics, GmbH*, 843 F.3d 48, 62 (2d Cir. 2016). In order to recover for breach of contract under New York law,[2] "a plaintiff must prove, by a preponderance of the evidence, (1) the existence of a contract between itself and that defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by that defendant; and (4) damages to the plaintiff caused by that defendant's breach." *Diesel Props S.R.L. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011). "In reviewing a written contract, a trial court's primary objective is to give effect to the intent of the parties

[1] Hilt attempted to respond to the Mission's appeal and to cross-appeal the district court's judgment, but it failed to properly file any brief in either matter.

[2] It is undisputed that New York law governs the Contract.

5

as revealed by the language they chose to use." *Seiden Assocs. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. 1992). Indeed, "[t]he best evidence of what parties to a written agreement intend is what they say in their writing." *Greenfield v. Philles Records*, 98 N.Y.2d 562, 569 (2002). When a written agreement "is complete, clear and unambiguous on its face," it "must be enforced according to the plain meaning of its terms." *Id.*

First, the Mission argues that equitable adjustment should not apply to extend the contract time or to increase the contract price because, as a factual matter, "[i]t was not the unknown conditions that caused the delay in completion of the project, but rather, Plaintiff's insolvency." Appellant's Br. 11. The district court found, however, that the presence of "concealed or unknown physical conditions" justified the equitable adjustment. App'x 868, 874. That finding was not clearly erroneous.

Here, § 10.3 of the Contract provides for "equitable adjustment" of both "the Contract Sum and Contract Time" if "concealed or unknown physical conditions are encountered at the site that differ materially from those indicated in the Contract Documents or from those conditions ordinarily found to exist." Contract § 10.3, *Hilt Constr. & Mgmt. Corp. v. Permanent Mission of Chad to United Nations in*

6

*New York*, No. 16 CV 6421, 2019 WL 5260829 (S.D.N.Y. Oct. 16, 2019), ECF No. 34-1

[hereinafter "Contract"]. In its ruling, the district court identified four concealed

or unknown conditions that were unknown to the parties at the time of the

Contract but that were discovered, and had to be remedied, during the renovation.

These conditions were (1) additional asbestos that required removal, (2) the need

for a new structural beam to replace a support structure that was in too poor a

condition to support the skylight, (3) the lack of insulation in the space below the

terrace and some exterior walls and plaster ceilings, and (4) the need to waterproof

the exterior walls. These conditions, the district court concluded, "subject the

contract price to equitable adjustment" under § 10.3. App'x 875.[3]

The Mission does not dispute that the four identified conditions qualify as

"concealed or unknown physical conditions" under § 10.3 that entitle Hilt to an

adjustment in the contract price. Rather, the Mission argues that Hilt "caused its

own insolvency" by failing to submit timely invoices or "change orders" as

---

[3] To identify these four conditions, the district court relied on evidence that it found credible, including documented meeting minutes and witness testimony. In its ruling from the bench, the district court also considered and rejected Hilt's arguments that several other conditions were concealed or unknown. After reviewing the evidence at trial, the district court concluded that these other conditions did not justify an equitable adjustment of the contract price.

required by § 10.1[4] and therefore ran out of money necessary to complete the project. Appellant's Br. 10. However, § 10.3 does not premise equitable adjustment of the contract price on the successful submission of an invoice or change order. Rather, § 10.3 and § 10.1 provide alternative avenues for adjusting the contract price. And the district court found—in the Mission's *favor*—that "the contract price is … not subject to adjustment under [§ 10.1]" because Hilt did not successfully submit any change orders. App'x 871. The district court explained that it credited the testimony of two witnesses—Manuel Castedo, the principal of M. Castedo Architects who was responsible for drawing up the renovation plans and overseeing the project, and Ambassador Mahamat Zene Cherif (the "Ambassador"), the former Ambassador of Chad to the United Nations and Chad's current Minister of Foreign Affairs—that no change orders were submitted or approved by the Ambassador. The district court did not credit the contrary

---

[4] Section 10.1 states:

> The Owner, without invalidating the Contract, may order changes in the Work within the general scope of the Contract consisting of additions, deletions or other revisions, the Contract Sum and Contract Time being adjusted accordingly in writing. If the Owner and Contractor can not agree to a change in the Contract Sum, the Owner shall pay the Contractor its actual cost plus reasonable overhead and profit.

Contract § 10.1.

testimony of Ajaz Ahmed, the vice president of Hilt. The court also considered several letters that Ahmed asserted were change orders—but that were not drafted, signed, or otherwise approved by the Mission—and concluded that the letters were not valid change orders within the meaning of § 10.1. Accordingly, the Mission's argument on appeal, that Hilt did not fulfill the requirements of § 10.1, does not disturb the district court's conclusion that Hilt was entitled to an equitable adjustment of the contract price under § 10.3.

The district court also concluded that the unambiguous terms of § 10.3 provide for the equitable adjustment of contract time to allow Hilt to remedy the newly discovered conditions. This conclusion finds further support in § 11.2, which requires an "equitable adjustment" of the "Contract Time" for any delays resulting from, among other things, "causes beyond the Contractor's control." Contract § 11.2.[5] Therefore, for the four concealed and unknown conditions the district court identified, the district court properly concluded that Hilt was entitled

---

[5] Section 11.2 of the Contract states:

> If the Contractor is delayed at any time in progress of the Work by changes ordered in the Work, or by labor disputes, fire, unusual delay in deliveries, unavoidable casualties or other causes beyond the Contractor's control, the Contract Time shall be subject to equitable adjustment.

Contract § 11.2.

to an extension of the time to complete the project to account for the time spent remedying these conditions.

Second, the Mission argues that the district court erred in construing Article 2 of the Contract as allowing Hilt to work on both phases of the project simultaneously. The Mission does not argue that the district court erred in its legal determination that Article 2 is ambiguous; in its view, the district court erred by rejecting the extrinsic evidence the Mission offered suggesting that the phases were *not* to be worked on simultaneously. However, a district court's interpretation of an ambiguous contract provision "in light of [extrinsic evidence] is a question of fact for the factfinder" subject to clear error review. *Diesel Props*, 631 F.3d at 51. Here, the district court relied on the testimony of Ahmed, the Ambassador, and Castedo to determine that "the contract did not prohibit Hilt from working on both phases simultaneously." App'x 869. That determination was not clearly erroneous.

Third, the Mission argues that its own breach should be "excused" because Hilt "committed a material breach" by failing to complete the project. Appellant's Br. 18. The district court properly concluded that Hilt did not breach the Contract by ceasing work in October 2015 because "Substantial Completion," as defined by

§ 12.5,[6] had been achieved by that time and the Mission itself breached the Contract by refusing to finance the completion of the project. The evidence at trial included letters in which the Ambassador had indicated that the work was only 50 to 60 percent complete as of the date that Hilt ceased work. But the district court credited the testimony of architect George Baker, who conducted a field inspection and prepared a field report in October 2015 concluding that the project was 87 percent complete and was one to two weeks from being habitable. Moreover, the district court found that the Ambassador moved into the residence around September 7, 2015, a full month before Hilt ceased work on the project. Because the plain language of § 12.5 states that the project achieves "Substantial Completion" when the owner "can occupy" the residence, Contract § 12.5.1, and about 87 percent of the renovation had been completed as of October 2015, the district court did not err in concluding that Hilt had met its contractual obligations

---

[6] Section 12.5 of the Contract states:

> Substantial Completion is the stage in the progress of the Work when the Work or designated portion thereof is sufficiently complete in accordance with the Contract Documents so the Owner can occupy or utilize the Work for its intended use.

Contract § 12.5.

11

until the Mission refused to continue financing the project. We therefore affirm its judgment in Hilt's favor on the competing breach of contract claims.

**III**

The Mission additionally argues on appeal that the district court erred in its calculation of damages. "Under New York law, damages for breach of contract should put the plaintiff in the same economic position he would have occupied had the breaching party performed the contract." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 196 (2d Cir. 2003). Moreover, "if a plaintiff has shown it more likely than not that it has suffered damages, the amount of damages need only be proved with reasonable certainty." *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 496 (2d Cir. 1995). Because "the test for admissibility of evidence concerning prospective damages is whether the evidence has any tendency to show their probable amount," the "plaintiff need only show a stable foundation for a reasonable estimate, of damages to which he is entitled as a result of the breach." *Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 391 (2d Cir. 2006) (internal quotation marks omitted). That "evidence need not be conclusive in order to be relevant." *Id.* (alteration omitted). "[T]he wrongdoer must shoulder the burden of the uncertainty regarding the amount of damages." *Id.* at 392.

12

The Mission argues that the district court erred in calculating damages from Hilt's September 30, 2015, letter to Castedo (Exhibit 54 at trial), to which the district court assigned "little to no weight" as evidence of additional work performed for concealed or unknown conditions. App'x 875. However, the district court addressed the apparent inconsistency of relying on evidence it had previously considered not credible. The court explained that while it did not find Exhibit 54 to be "reliable evidence of whether Hilt performed additional work," it did find the exhibit relevant to "making a reasonable estimate of a fair and adequate award" to compensate Hilt for the additional work that the court found it performed because the exhibit had a "tendency to show [the] probable amount" of damages. App'x 882 (quoting *Boyce*, 464 F.3d at 391).

Although the Mission argues that the estimates contained in Exhibit 54 are not reliable, at the damages stage the bar for admissibility of evidence pertaining to damages is low; the evidence must have "any tendency" to show the probable amount of damages, as it does here. *Boyce*, 464 F.3d at 391. The evidence need not be conclusive on this point. Indeed, Exhibit 54 was not conclusive because the district court explained that its reliance on the exhibit was simply a starting point from which to calculate equitable damages and because no other estimates of the

13

cost of work done on the four credited concealed or unknown conditions were available at trial. Having reviewed the record, we do not think that the district court erred in its calculation of the damages awarded to Hilt.[7]

\* \* \*

We have considered the Mission's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[7] In a few sentences in its brief, the Mission also complains that the district court "grant[ed] prejudgment interest without an opinion." Appellant's Br. 2, 20. That assertion is wrong. On August 6, 2019, the district court issued a memorandum opinion and order expressly resolving the prejudgment interest issue. The Mission has not identified any error with that order.